

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

November 12, 2021

**Via ECF**
The Honorable Judge James L. Cott
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Mazarie v. V Brothers Inc., et al.**
     **21-CV-2876**

Dear Judge Cott:

Our office represents Sergio Mazarie ("Plaintiff" or "Mazarie") and we submit this motion jointly with counsel for V Brothers Inc. d/b/a Townhouse Diner and Steven Vouvoudakis (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following multiple mediation sessions through the SDNY Mediation Program and the assistance of a Court-appointed mediator.

The parties submit this motion in support of their position that the Settlement Agreement is fair and reasonable and does not raise any of the concerns cited in *Cheeks v. Freeport Pancake House, Inc*., 796 F.3d 199 (2d Cir. 2015). The parties address the monetary and non-monetary terms as well as Plaintiffs' counsel's requested attorneys' fees and respectfully request that the Court So Order or approve the Settlement Agreement.

## I.      The Monetary Terms of the Settlement Agreement are Fair and Reasonable

### a. The Settlement Amount

The parties agreed to resolve this matter for the amount of $28,000.00 payable to the Plaintiff, inclusive of attorneys' fees with 14 days of Court approval of the Settlement Agreement.

### b. Plaintiff's Position

Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiff alleged that he was not paid proper overtime wages when he was required to work in excess of forty (40) hours

per workweek and that his calculated hourly rate of pay fell below the applicable NYS minimum wage rate. Plaintiff also alleged that he was not compensated spread of hours pay under NYLL when required to work in excess of ten (10) hours per shift.

Plaintiff was employed by Defendants as a busboy from in or around August 2019 until in or around March 2020 at Defendants' diner located at 696 2nd Avenue, New York, New York 10016. Plaintiff alleged that during his employment, he was regularly required to work up to 73.5 hours per week. Plaintiff further alleged that although he worked well in excess of 40 hours per week, he was only compensated with a weekly salary of $350.00. Plaintiff contended that this salary did not compensate him for any of his overtime work and that it also resulted in his hourly rate of pay falling below the minimum wage. Lastly, Plaintiff alleged that he was required to work in excess of ten (10) hours per day at least five (5) shifts per week without receiving spread of hours compensation.

In total, Plaintiff believed that he was owed between $30,000.00 and $40,000.00 in unpaid wages. Plaintiff also sought damages pursuant to NYLL § 195 for wage notice and wage statement violations.

Although Plaintiff was confident that he could succeed on all of his claims, Plaintiff preferred a guaranteed lump sum payment in the near future as opposed to uncertainty of a trial at an unforeseeable date in the future. Plaintiff understood the factual disputes maintained by Defendants as to the dates of Plaintiff's employment, the hours worked by Plaintiff and the pay received as well as the potential witness testimony presented by Defendants. That these factual disputes would not have been resolved until the time of trial favored Plaintiff's decision to agree on a sum certain payable in the near future. Plaintiff also considered financial concerns raised by the Defendants during the mediation as part of his decision to settle at this time.

    c.   **The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id.* (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $28,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted and the fact that the terms of the Settlement Agreement were achieved through the assistance of the Court-appointed mediator over two separate mediation sessions. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, whether Plaintiff was paid an hourly or weekly rate of pay, and the amounts of pay received by Plaintiffs, but both sides made

compromises on their positions in order to achieve a fair and reasonable settlement. As such, the settlement amount represents a fair compromise over the outstanding factual disputes that would not have likely been resolved until the time of trial.

## II.     The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement ("Release") is appropriately-limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims completely unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III.    Distribution to the Plaintiff and Requested Attorneys' Fees and Expenses

### a. Distribution to the Plaintiff

The parties agreed to a global settlement of $28,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff will recover $18,300.00, after requested attorneys' fees and reimbursement of expenses.

### b. Plaintiff's Counsel's Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $550.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $402.00
- the costs of service of the Summons and Complaint on Defendants: $148.00

Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($27,450.00), or $9,150.00 in attorneys' fees, as agreed upon in the Plaintiff's retainer

agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $9,700.00.

**Settlement Amount:** $28,000.00
**Attorneys' Expenses:** $550.00
**Settlement less Expenses:** $27,450.00 ($28,000.00 - $550.00)
**Requested Attorneys' Fees:** $9,150.00 ($27,450.00 / 3)
**Total payable to Attorneys:** $9,700.00 ($9,150.00 + $550.00)
**Total payable to Plaintiff:** $18,300.00 ($28,000.00 - $9,700.00)

Our office and the Plaintiff have a retainer agreement that is reduced to writing and is signed by the Plaintiff. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc.*, 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel and the recovery secured through their efforts. Plaintiff's counsel has zealously advocated for their client throughout the negotiation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

### IV.    Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of good faith negotiations and the terms of the Settlement Agreement comport with Second Circuit case law. Both parties were represented by experienced and competent counsel who specialize in this area of law and the case was resolved through the SDNY Mediation Program. As such, we respectfully request that the Court approve the Settlement Agreement in its entirety. We thank the Court for its consideration and remain available to provide any additional information.

Respectfully submitted,

*James O'Donnell*
James O'Donnell, Esq.