USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/17/2021_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SERGIO MAZARIE,                                 :
                                                :
                    Plaintiff,          :    **ORDER**
                                                :
               -v-                    :    21-CV-2876 (JLC)
                                                :
V BROTHERS INC. *et ano.*,                      :
                                                :
                    Defendants.         :
------------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 24), and they have submitted a joint "motion for settlement approval" (Dkt. No. 23) and a fully executed settlement agreement (Dkt. No. 23-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given Defendants' financial situation as a result of the COVID-19 pandemic, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that

1

plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint motion as well as the proposed settlement agreement, and given that a court-appointed mediator expended considerable effort over two mediation sessions with the parties to resolve this case, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs as one-third of the settlement amount) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Accordingly, the proposed settlement is hereby approved. As requested in paragraph 8 of the Agreement, the Court will retain jurisdiction over this case to enforce the terms of the settlement agreement if necessary.

The Clerk is respectfully directed to close Docket No. 23 and mark it as "granted," and to close this case.[1]

**SO ORDERED.**

Dated: November 17, 2021
       New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] The parties are free to submit a stipulation of dismissal in due course once payment has been made as provided for in paragraph 2 of their Agreement.